# THE STATE OF NEW HAMPSHIRE

## SUPERIOR COURT

MERRIMACK, SS.                                                                    TERM, 19

I, WILLIAM S. McGRAW, Clerk of the Superior Court of the State of New Hampshire for the County of Merrimack, the same being a court of record having a seal, do hereby certify that I am the lawful custodian of the seal, files, records and proceedings of said Court, and also of the files and records of the Supreme Judicial Court, the Court of Common Pleas, the Superior Court of Judicature, the Circuit Court and the Supreme Court, heretofore existing in said State and that I am by law the proper person to make out and certify copies thereof. And I further certify that annexed hereto is a full and true copy of the docket sheet, writ of summons and all other pleadings filed in the matter of Civil No. 09-C-189, entitled "Susan Fifield vs. HM Life Insurance Company; Broadspire Services Incorporated; and Aetna Life Insurance Company", entered into the Merrimack County Superior Court on April 14, 2009, and which has been removed to the United State District Court for the State of New Hampshire,





AND IT IS SO CONSIDERED.

In Testimony Whereof, I, in my official capacity, have hereunto set my hand and affixed the seal of said Court, this.... 27TH ................day
of..... MAY............................. A. D., 19.. 2009

.................................... Clerk.

William S. McGraw

B&B43725

## INDEX

Susan Fifield ___ vs. HM Life Insurance Co. 09-C-189

Docket No.

Broadspire Services Incorporated

AETA Life Insurance Company

| Document # | |
|---|---|
| 1. | 4/14/09 Unserved Writ of Summons RD: June 2, 2009 |
| | William D. Woodbury, Esq |
| 2. | 4/30/09 Affidavit of Service Receipt of writ FOR |
| | Broadspire Services Inc by leaving W/CT Corporation |
| 3 | 4/30/09 Affidavit of Service Receipt of Writ FOR |
| | Aetna Life Insurance left @ office Roger Sevigny |
| 4 | 4/30/09 Affidavit of Service Receipt of writ for HM |
| | Life Insurance Co. left @ office of Roger Sevigny |
| 5 | 5/26/09 - Appearance by Andrew W. Serell, Esq. for defendants |
| | HM Life Insurance Company, Broadspire Services Incorporated, |
| | Aetna Life Insurance Company |
| 6 | 5/26/09 - Defendants' Notice to State Court of Removal of Action |
| | w/ Exh A - Notice of Removal |
| 7 | 5/27/09 - Clerks Certificate - Removed to Federal US District Court |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

AOC-601-245 (Rev. 12/93)

# THE STATE OF NEW HAMPSHIRE

### SUPERIOR COURT

MERRIMACK, SS.                                                    TERM, 19

I, WILLIAM S. McGRAW, Clerk of the Superior Court of the State of New Hampshire for the County of Merrimack, the same being a court of record having a seal, do hereby certify that I am the lawful custodian of the seal, files, records and proceedings of said Court, and also of the files and records of the Supreme Judicial Court, the Court of Common Pleas, the Superior Court of Judicature, the Circuit Court and the Supreme Court, heretofore existing in said State and that I am by law the proper person to make out and certify copies thereof. And I further certify that annexed hereto is a full and true copy of the docket sheet, writ of summons and all other pleadings filed in the matter of Civil No. 09-C-189, entitled "Susan Fifield vs. HM Life Insurance Company; Broadspire Services Incorporated; and Aetna Life Insurance Company", entered into the Merrimack County Superior Court on April 14, 2009, and which has been removed to the United State District Court for the State of New Hampshire,





AND IT IS SO CONSIDERED.

In Testimony Whereof, I, in my official capacity, have hereunto set my hand and affixed the seal of said Court, this.... 27TH ................day of..... MAY........................... A. D., 19.. 2009

................ Clerk.

William S. McGraw

**Normandin, Cheney & O'Neil, PLLC**
**Attorneys at Law**
**213 Union Avenue - Normandin Square**
**P.O. Box 575**
**Laconia, NH 03247-0575**

A. Gerard O'Neil, Jr.
Robert A. Dietz
James F. Lafrance
Susanne M. Weldon-Francke*
Philip P. Bonafide
Regina A. Nadeau
William D. Woodbury
Scott M. Aronson
Doria D. Aronson
Mark E. Beaudoin

Tel: 603-524-4380   Fax: 603-527-3579
www.ncolaw.com

F.E. Normandin, 1890-1967
F.A. Normandin, 1909-1967
Thomas P. Cheney, 1918-1970
A. Gerard O'Neil, 1923-2000

* also licensed in CT

Of Counsel
Paul L. Normandin
John D. O'Shea, Jr.

April 29, 2009

William S. McGraw, Clerk
MERRIMACK COUNTY SUPERIOR COURT
PO Box 2880
Concord, NH 03301

Re:   SUSAN FIFIELD v. HM LIFE INSURANCE COMPANY, BROADSPIRE
      SERVICES INCORPORATED, and AETNA LIFE INSURANCE COMPANY

Dear Mr. McGraw:

Enclosed please find duly served Writ of Summons returnable the first Tuesday of June,
2009 for filing in the above entitled matter.

Thank you for your assistance.

Very truly yours,

William D. Woodbury

WDW/bh
Enclosure
cc:    Susan Fifield

**Normandin, Cheney & O'Neil, PLLC**
**Attorneys at Law**
**213 Union Avenue - Normandin Square**
**P.O. Box 575**
ɔnia, NH 03247-0575

A. Gerard O'Neil, Jr.
Robert A. Dietz
James F. Lafrance

F.E. Normandin, 1890-1967
F.A. Normandin, 1909-1967
Thomas P. Cheney, 1918-1970
A. Gerard O'Neil, 1923-2000

\* also licensed in CT

Of Counsel
Paul L. Normandin
John D. O'Shea, Jr.

-524-4380   Fax: 603-527-3579
www.ncolaw.com

April 14, 2009

R COURT

ΙM LIFE INSURANCE COMPANY, BROADSPIRE
ɔRATED, and AETNA LIFE INSURANCE COMPANY

ənd 7 copies of a Complaint in the above-entitled matter
e filing in accordance with Superior Court Rule 2.    Also
ɔf $175.00 for filing fees.    Would you please attach the
ɔpies of the Writ of Summons and return mail them to me for
Department.

assistance.

Very truly yours,

William D. Woodbury

cc:    Susan Fifield

# RATH YOUNG PIGNATELLI

Andrew W. Serell
Attorney at law
aws@rathlaw.com
Please reply to: Concord Office

May 21, 2009

William S. McGraw, Clerk
Merrimack County Superior Court
163 North Main Street
Post Office Box 2880
Concord, NH 03302-2880

Re:   **Susan Fifield v. HM Life Insurance Company, et al.
       Docket No. 09-C-0189**

Dear Clerk McGraw:

Enclosed for filing in the above captioned action please find my Appearance for the
Defendants and Defendants' Notice to State Court of Removal of Action.  Thank you for
your attention to this matter.

Very truly yours,

Andrew W. Serell
AWS/djk
Enclosure
cc:   William D. Woodbury, Esquire

**Rath, Young and Pignatelli, P.C.**
**www.rathlaw.com**

One Capital Plaza
Concord, NH 03302-1500
T  (603) 226-2600
F  (603) 226-2700

20 Trafalgar Square
Nashua, NH 03063
T  (603) 889-9952
F  (603) 595-7489

54 Canal Street
Boston, MA 02114
T  (617) 523-8080
F  (617) 523-8855

# THE STATE OF NEW HAMPSHIRE

**MERRIMACK COUNTY**                                                    **SUPERIOR COURT**

## APPEARANCE/~~WITHDRAWAL~~

Court _____                                          Docket No.: 09-C-0189

Jury _____

**Susan Fifield**                    v.        **HM Life Insurance Co., et al.**

---

All correspondence from the Court, including notice of hearings, court orders, and other important information, will be sent to the address listed on this form. It is the responsibility of counsel or individual parties who represent themselves to notify the Court <u>in writing</u> of any change of address. Any notices will then be sent to the address on file with the Court and will be presumed to have been received.

---

Returnable on the first Tuesday of June 2009

---

APPEARANCE                                          WITHDRAWAL

Please enter my appearance as counsel for:

> HM Life Insurance Company, Broadspire Services
> Incorporated and Aetna Life Insurance Company

---

I hereby certify that duplicates of this notice were mailed to:

William D. Woodbury
Normandin, Cheney & O'Neill, PLLC
Post Office Box 575
Laconia, NH 03247-0575

on May 21, 2009

Signed: _Sherry Young for_                    Date: May 21, 2009

Andrew W. Serell, Esquire
Rath, Young and Pignatelli, P.C.
One Capital Plaza
Concord, NH 03302-1500
(603) 226-2600

## STATE OF NEW HAMPSHIRE

MERRIMACK, SS                                        **SUPERIOR COURT**

| | |
|---|---|
| **SUSAN FIFIELD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Docket No: 09-C-0189** |
| | ) |
| **HM LIFE INSURANCE COMPANY;** | ) |
| **BROADSPIRE SERVICES** | ) |
| **INCORPORATED; and AETNA** | ) |
| **LIFE INSURANCE COMPANY,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' NOTICE TO STATE COURT OF REMOVAL OF ACTION

TO:     Clerk of the Superior Court of the
         County of Merrimack, New Hampshire

HM Life Insurance Company, Broadspire Services, Inc. and Aetna Life Insurance Company, pursuant to United States Code, Title 28, §§ 1441 and 1446, serve this written notice upon you that they have filed with the Clerk of the United States District Court for the District of New Hampshire their Notice of Removal of this civil action to the District Court for the District of New Hampshire, all as by statute and rule provided.  A copy of the Notice is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), this Court is prohibited from proceeding further in the above-styled action unless and until the action is remanded.

Respectfully submitted,

**HM LIFE INSURANCE COMPANY,
BROADSPIRE SERVICES, INC. AND
AETNA LIFE INSURANCE COMPANY**

By Their Attorneys,

**RATH, YOUNG AND PIGNATELLI, P.C.**

One Capital Plaza
Concord, NH 03302-1500
(603) 226-2600

May 21, 2009                            By: _____
                                        Andrew W. Serell, Esquire (NH Bar No. 2298)

Of Counsel:
David F. Schmidt
Chittenden, Murday & Novotny LLC
303 West Madison Street
Suite 1400
Chicago, IL 60606
312/281-3600

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2009 service of a copy of the foregoing Defendant's Notice to State of Removal of Action was made on the attorney of record for Plaintiff by mailing a true copy thereof, contained in a sealed envelope, with postage prepaid, addressed to said attorney as shown below.

William D. Woodbury
Normandin, Cheney & O'Neill, PLLC
Post Office Box 575
Laconia, NH 03247-0575

By: _____
Andrew W. Serell, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| SUSAN FIFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: |
| | ) | |
| HM LIFE INSURANCE COMPANY; | ) | |
| BROADSPIRE SERVICES | ) | |
| INCORPORATED; and AETNA | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, HM Life Insurance Company ("HM Life"), Broadspire Services, Inc. ("Broadspire") and Aetna Life Insurance Company ("Aetna"), pursuant to United States Code, Title 28, §§ 1441 and 1446, serve notice that the above-entitled cause is removed from the Superior Court for Merrimack County, New Hampshire to the United States District Court for the District of New Hampshire. In support of this notice, the defendants state as follows:

1.      On or about April 14, 2009, the plaintiff filed in the Superior Court, for Merrimack County, New Hampshire, a complaint against the defendants. The complaint was received by HM Life and Broadspire on or after April 23, 2009. As of the filing of this Notice of Removal, Aetna has no record of having received the complaint. A copy of the summonses and complaint served on the defendants are attached hereto as Exhibit A. The defendants state that no process, pleadings, or other orders, except for the above-described complaint has been served upon them.

2.     The plaintiff seeks in her complaint, among other things, recovery of disability insurance benefits under an employee benefit plan maintained by Comcast Cable Corporation ("Comcast"), an employer.

3.     The plaintiff's cause of action relates to an employee welfare benefit plan as defined in § 3(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1) and, therefore, is preempted under § 514(a) of ERISA, 29 U.S.C. § 1144(a), and displaced by ERISA's § 502(2) civil enforcement provision, 29 U.S.C. § 1132(a), in that at all relevant times:

A.     Comcast was an employer engaged in interstate commerce;

B.     Comcast established and maintained a health and welfare benefit plan ("the Plan") for the purpose of providing to its subsidiaries' employees certain fringe benefits, including the disability insurance coverage at issue in this case;

C.     the plaintiff's complaint seeks benefits under the Plan and under the insurance policy which insured the disability benefit which is the subject of her complaint.

4.     By reason of the foregoing, (1) the plaintiff's complaint arises under the laws of the United States; (2) this Court has original jurisdiction thereof under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(c); and (3) this cause is properly removed by the defendants. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

5.     Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being filed with the Superior Court of the County of Merrimack, State of New Hampshire.  A copy of the

Notice to the State Court is attached as Exhibit B. A copy of this Notice of Removal is also being served on counsel for the Plaintiff.

6.    Pursuant to Local Rule 81.1(c) of the United States District Court for the District of New Hampshire, within ten days of the filing of this Notice of removal, defendant will file with the Clerk of this Court certified or attested copies of the state court record.

WHEREFORE, Defendants, HM Life Insurance Company, Broadspire Services, Inc. and Aetna Life Insurance Company, notify this Court that this cause has been removed from the Superior Court for Merrimack County, New Hampshire to the United States District Court for the District of New Hampshire pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

**HM LIFE INSURANCE COMPANY,**
**BROADSPIRE SERVICES, INC. AND**
**AETNA LIFE INSURANCE COMPANY**

By Their Attorneys,

**RATH, YOUNG AND PIGNATELLI, P.C.**

One Capital Plaza
Concord, NH 03302-1500
(603) 226-2600

May 21, 2009

/s/ Andrew W. Serell
Andrew W. Serell, Esquire (NH Bar No. 2298)

Of Counsel:
David F. Schmidt
Chittenden, Murday & Novotny LLC
303 West Madison Street
Suite 1400
Chicago, IL 60606
312/281-3600

3

# The State of New Hampshire

**MERRIMACK, SS.**                                                              **SUPERIOR COURT**

## RECEIPT OF WRIT

DATE: April 16, 2009

DOCKET NUMBER: 09-C-0189

Susan Fifield

v.

HM Life Insurance Company, Broadspire Services Incorporated,
and AETNA Life Insurance Company

The writ in the above-captioned matter was filed with the Clerk of this Court on April 14,
2009 at 11:58 a.m.

The plaintiff or his/her attorney is to attach a copy of this receipt to identical copies of the
original writ and deliver them to the sheriff or other legally authorized entity for service on each
named defendant. Sufficient copies shall be provided to allow for a service copy for each named
defendant and a copy for each officer completing service to complete the return. The return
copies shall be filed with the court in accordance with N.H. Superior Court Rule 3.

By Order of the Court

William S. McGraw, Clerk



# The State of New Hampshire

### SUPERIOR COURT

**MERRIMACK COUNTY**

(X ) COURT

(( ), JURY

### WRIT OF SUMMONS

SUSAN FIFIELD
19 Vine Street
Northfield, NH   03276

v.

HM LIFE INSURANCE COMPANY
PO Box 535061
Pittsburgh, PA 15253
and
BROADSPIRE SERVICES INCORPORATED
1001 Summit Blvd
Atlanta, GA 30302
and
AETNA LIFE INSURANCE COMPANY
151 Farmington Avenue
Hartford, CT 06156

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of ___June___ , ___2009___ .
**YEAR**                                                                                                           **MONTH**

The PLAINTIFF(S) state(s):

See attached Writ/Declaration

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.
Susan Fifield   By Her Attorney,

**INDORSER (sign and print name)**
William D. Woodbury

04/14/09
**DATE OF WRIT**

### NOTICE TO THE DEFENDANT

The Plaintiff listed above has begun legal action against you. You do not have to physically appear in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by this date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, ROBERT J. LYNN, Chief Justice, Superior Court.

William S. McGraw

**William S. McGraw, Clerk**
NH Superior Court Merrimack County
PO Box 2880
Concord, NH 03302-2880
(603) 225-5501

213-003-5

**SIGNATURE OF PLAINTIFF/ATTORNEY**
William D. Woodbury
Normandin, Cheney & O'Neil, PLLC
**PRINTED/TYPED NAME**

PO Box 575
**ADDRESS**

Laconia, NH   03247-0575
(603) 524-4380
**PHONE**

MAY 14 2009
RECEIVED
DFS

**Merrimack County Sheriff's Office**

SHERIFF SCOTT E. HILLIARD
163 North Main Street
Concord, NH 03301
Phone: 603-225-5583

**RECEIVED**

APR 2 3 2009

NH INSURANCE DEPARTMENT

HM LIFE INSURANCE COMPANY
PO BOX 535061
PITTSBURGH, PA 15253

## AFFIDAVIT OF SERVICE

MERRIMACK, SS.                                        APRIL 23, 2009

I, Lieutenant PHILIP P SOULE JR, this day at _16.08_ (a.m./p.m.), summoned the within named defendant HM LIFE INSURANCE COMPANY, by leaving at the office of Roger Sevigny, Insurance Commissioner for the State of New Hampshire its true and lawful attorney for the service of process under, and by virtue of, Chapter 405-10 NH RSA as amended, two copies of this RECEIPT OF WRIT and I paid said Commissioner for the State twenty-five ($25.00) dollars as their fee for accepting service.

FEES

| Service | $15.00 |
|---|---|
| Misc. | |
| Pd NH INSURANCE COMMISSIONER | 25.00 |
| Postage | 1.00 |
| Travel | 2.50 |
| TOTAL: | $43.50 |

Lieutenant PHILIP P SOULE JR
Merrimack County Sheriff's Office

RECEIVED

MAY 1 4 2009

DFS

 CT Corporation

**Service of Process
Transmittal**
04/23/2009
CT Log Number 514765664

||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

| TO: | Martha Nerenhausen
Broadspire Services, Inc.
1601 S.W. 80th Terrace, Bldg. 1, First Floor
Plantation, FL 33324 | |
|---|---|---|
| RE: | **Process Served in New Hampshire** | $K^{C_3}$ ?? ?? ? |
| FOR: | Broadspire Services, Inc. (Domestic State: DE) | |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| TITLE OF ACTION: | Susan Fifield, Pltf. vs. HM Life Insurance Company, et al. including Broadspire Services Incorporated, Dfts.
Name discrepancy noted. |
|---|---|
| DOCUMENT(S) SERVED: | Receipt of Writ, Writ of Summons, Complaint, Affidavit of Service |
| COURT/AGENCY: | Merrimack County Superior Court, NH
Case # 09-C-189 |
| NATURE OF ACTION: | Insurance Litigation - Denial of Pltf.'s long term disability benefits as former third party administrator of the HM Life Insurance Company Long Term Disability Policy |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Concord, NH |
| DATE AND HOUR OF SERVICE: | By Process Server on 04/23/2009 at 09:37 |
| APPEARANCE OR ANSWER DUE: | By the first Tuesday of June 2009 (06/02/09) |
| ATTORNEY(S) / SENDER(S): | William D. Woodbury
Normandin, Cheney & O'Neil, PLLC
P. O. Box 575
Laconia, NH 03247-0575
603-524-4380 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day , 790171342383
Image SOP
Email Notification, Susan Frost Susan_Frost@us.crawco.com
Email Notification, Winnie Myrie wmyrie@choosebroadspire.com |
| SIGNED; | C T Corporation System |
| ADDRESS: | 9 Capitol Street
Concord, NH 03301 |
| TELEPHONE: | 603-224-2341 |

Page 1 of 1 / DF

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

# The State of New Hampshire

MERRIMACK, SS.                                                    SUPERIOR COURT

## RECEIPT OF WRIT

DATE: April 16, 2009

DOCKET NUMBER: 09-C-0189

Susan Fifield

v.

HM Life Insurance Company, Broadspire Services Incorporated,
and AETNA Life Insurance Company

The writ in the above-captioned matter was filed with the Clerk of this Court on April 14,
2009 at 11:58 a.m.

The plaintiff or his/her attorney is to attach a copy of this receipt to identical copies of the
original writ and deliver them to the sheriff or other legally authorized entity for service on each
named defendant. Sufficient copies shall be provided to allow for a service copy for each named
defendant and a copy for each officer completing service to complete the return. The return
copies shall be filed with the court in accordance with N.H. Superior Court Rule 3.

By Order of the Court

William S. McGraw, Clerk

# The State of New Hampshire

## SUPERIOR COURT

MERRIMACK COUNTY

(X ) COURT

( ), JURY

### WRIT OF SUMMONS

SUSAN FIFIELD
19 Vine Street
Northfield, NH   03276

v.

HM LIFE INSURANCE COMPANY
PO Box 535061
Pittsburgh, PA 15253
and
BROADSPIRE SERVICES INCORPORATED
1001 Summit Blvd
Atlanta, GA 30302
and
AETNA LIFE INSURANCE COMPANY
151 Farmington Avenue
Hartford, CT 06156

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of ___June___ ,
___2009___ .
YEAR                                                                                    MONTH

The PLAINTIFF(S) state(s):

See attached Writ/Declaration

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.
Susan Fifield   By Her Attorney,

INDORSER (sign and print name)
William D. Woodbury

04/14/09
DATE OF WRIT

### NOTICE TO THE DEFENDANT

The Plaintiff listed above has begun legal action against you. You do not have to physically appear in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, ROBERT J. LYNN, Chief Justice, Superior Court.

William S. M'Graw
William S. McGraw, Clerk
NH Superior Court Merrimack County
PO Box 2880
Concord, NH 03302-2880
(603) 225-5501

213-003-5

SIGNATURE OF PLAINTIFF/ATTORNEY
William D. Woodbury
Normandin, Cheney & O'Neil, PLLC
PRINTED/TYPED NAME

PO Box 575
ADDRESS

Laconia, NH   03247-0575     / 603/524-4380
                                         PHONE

## STATE OF NEW HAMPSHIRE

MERRIMACK, SS                                                                    **SUPERIOR COURT**

| | |
|---|---|
| SUSAN FIFIELD, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **Docket No: 09-C-0189** |
| | ) |
| HM LIFE INSURANCE COMPANY; | ) |
| BROADSPIRE SERVICES | ) |
| INCORPORATED; and AETNA | ) |
| LIFE INSURANCE COMPANY, | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' NOTICE TO STATE COURT OF REMOVAL OF ACTION

TO:    Clerk of the Superior Court of the
        County of Merrimack, New Hampshire

HM Life Insurance Company, Broadspire Services, Inc. and Aetna Life Insurance Company, pursuant to United States Code, Title 28, §§ 1441 and 1446, serve this written notice upon you that they have filed with the Clerk of the United States District Court for the District of New Hampshire their Notice of Removal of this civil action to the District Court for the District of New Hampshire, all as by statute and rule provided. A copy of the Notice is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 1446(d), this Court is prohibited from proceeding further in the above-styled action unless and until the action is remanded.

Respectfully submitted,

**HM LIFE INSURANCE COMPANY,
BROADSPIRE SERVICES, INC. AND
AETNA LIFE INSURANCE COMPANY**

By Their Attorneys,

**RATH, YOUNG AND PIGNATELLI, P.C.**

One Capital Plaza
Concord, NH 03302-1500
(603) 226-2600

May 21, 2009                    By: _____

Andrew W. Serell, Esquire (NH Bar No. 2298)

Of Counsel:
David F. Schmidt
Chittenden, Murday & Novotny LLC
303 West Madison Street
Suite 1400
Chicago, IL 60606
312/281-3600

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of May, 2009 service of a copy of the foregoing Defendant's Notice to State of Removal of Action was made on the attorney of record for Plaintiff by mailing a true copy thereof, contained in a sealed envelope, with postage prepaid, addressed to said attorney as shown below.

William D. Woodbury
Normandin, Cheney & O'Neill, PLLC
Post Office Box 575
Laconia, NH 03247-0575

By: _____

Andrew W. Serell, Esquire

2

# The State of New Hampshire

**MERRIMACK, SS.**                                              **SUPERIOR COURT**

## RECEIPT OF WRIT

DATE:  April 16, 2009

DOCKET NUMBER:  09-C-0189

Susan Fifield

v.

HM Life Insurance Company, Broadspire Services Incorporated,
and AETNA Life Insurance Company

  The writ in the above-captioned matter was filed with the Clerk of this Court on April 14, 2009 at 11:58 a.m.

  The plaintiff or his/her attorney is to attach a copy of this receipt to identical copies of the original writ and deliver them to the sheriff or other legally authorized entity for service on each named defendant.  Sufficient copies shall be provided to allow for a service copy for each named defendant and a copy for each officer completing service to complete the return.  The return copies shall be filed with the court in accordance with N.H. Superior Court Rule 3.

        By Order of the Court

        William S. McGraw, Clerk

# The State of New Hampshire

## SUPERIOR COURT

**MERRIMACK COUNTY**

(X ) COURT

(( ), JURY

### WRIT OF SUMMONS

SUSAN FIFIELD
19 Vine Street
Northfield, NH   03276

v.

HM LIFE INSURANCE COMPANY
PO Box 535061
Pittsburgh, PA 15253
and
BROADSPIRE SERVICES INCORPORATED
1001 Summit Blvd
Atlanta, GA 30302
and
AETNA LIFE INSURANCE COMPANY
151 Farmington Avenue
Hartford, CT 06156

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of ___June___ ,
___2009___ .
**YEAR**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**MONTH**

The PLAINTIFF(S) state(s):

See attached Writ/Declaration

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.
Susan Fifield   By Her Attorney,

**INDORSER (sign and print name)**
William D. Woodbury

04/14/09
**DATE OF WRIT**

### NOTICE TO THE DEFENDANT

The Plaintiff listed above has begun legal action against you. **You do not have to physically appear** in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, ROBERT J. LYNN, Chief Justice, Superior Court.

**William S. McGraw, Clerk**
**NH Superior Court Merrimack County**
**PO Box 2880**
**Concord, NH 03302-2880**
**(603) 225-5501**

**SIGNATURE OF PLAINTIFF/ATTORNEY**
William D. Woodbury
Normandin, Cheney & O'Neil, PLLC
**PRINTED/TYPED NAME**

PO Box 575
**ADDRESS**

Laconia, NH  03247-0575  /  603/524-4380
**PHONE**

213-003-5

## STATE OF NEW HAMPSHIRE

**MERRIMACK, SS**                                                            **SUPERIOR COURT**

### SUSAN FIFIELD

v.

### HM LIFE INSURANCE COMPANY;
### BROADSPIRE SERVICES INCORPORATED; and
### AETNA LIFE INSURANCE COMPANY

### COMPLAINT

NOW COMES the Plaintiff, Susan Fifield, and says as follows:

### GENERAL ALLEGATIONS

1.   Plaintiff, Susan Fifield [hereinafter "Plaintiff"] is a New Hampshire resident with an address of 19 Vine Street, Northfield, County of Merrimack, New Hampshire;

2.   Defendant, HM Life Insurance Company, f/k/a Highmark Life Insurance Company [hereinafter HM] is the underwriter of the Group Long Term Disability Policy under which Plaintiff is covered and is headquartered in Pennsylvania, with an address of P.O. Box 535061, Pittsburgh, Pennsylvania, 15253-5061;

3.   Defendant, Broadspire Services Incorporated [hereinafter Broadspire] is a Delaware Corporation and, during all times relevant to the claims set forth by the Plaintiff herein, was the third party disability claims administrator of the Group Long Term Disability Policy under which Plaintiff is covered, with a principal office address of 1001 Summit Blvd., Atlanta, Georgia, 30302, and a New Hampshire Registered agent of: C T Corporation, 9 Capitol Street, Concord, New Hampshire, 03301;

4.   Defendant, Aetna Life Insurance Company [hereinafter Aetna] is a subsidiary of Aetna, Incorporated, a Pennsylvania Corporation, and is the current third party disability claims administrator of the Group Long Term Disability Policy under which Plaintiff is covered. Aetna is headquartered in Connecticut, with an address of 151 Farmington Avenue, Hartford, Connecticut, 06156;

5.   This is an ERISA action brought pursuant to 29 U.S.C. §1132(a)(1)(B). This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1000-1461 over which this Court possesses jurisdiction pursuant to 29 U.S.C. §1132(e);

## SPECIFIC FACTUAL ALLEGATIONS

6.  Plaintiff began working for Continental Cablevision on or about November 28, 1994.
    Continental Cablevision became Media One, which became AT&T Broadband, and then
    Comcast Cable Corporation, Inc. [hereinafter Comcast];

7.  The Long Term Disability Carrier for Comcast is HM Life Insurance Company;

8.  The Third Party Administrator of the HM Life Insurance Company Long Term Disability
    Policy is Aetna, formerly Broadspire;

9.  Broadspire was the third party administrator prior to Aetna and was, at all times relevant
    to this action, the entity in communication with Plaintiff with respect to all decisions
    pertaining to her Long Term Disability benefits;

10. The Long Term Disability Policy under which Plaintiff is covered is an employee welfare
    benefit plan within the meaning of 29 U.S.C. §§1002(1) and (3);

11. At all times material to this action, Plaintiff was a participant of the HM (formerly
    Highmark) Long Term Disability Insurance Plan;

### Plaintiff's Disability

12. Beginning in January of 2003, Plaintiff developed severe abdominal symptoms requiring
    medical intervention and hospitalization;

13. Diagnostic testing revealed Plaintiff suffered from colonic diverticulosis and relapsing
    diverticulitis;

14. In addition to the above condition, Plaintiff suffered from depression and anxiety and
    sought medical intervention for these conditions as well in May of 2004;

15. Prior to 2005, her medical conditions forced Plaintiff out of work, during which time she
    utilized available Family and Medical Leave Act time as well as periods of Short Term
    Disability coverage;

16. In early 2005, Plaintiff was finally forced to leave work due to severe abdominal
    symptoms and ongoing problems with anxiety and depression and applied for Short Term
    Disability Benefits;

17. By letter of April 11, 2005, Broadspire advised Plaintiff that she was approved for benefits
    as she was currently disabled from performing her own job;

18.     Short Term Disability Benefits were authorized effective March 24, 2005;

19.     On September 13, 2005, Broadspire forwarded a letter to the Plaintiff indicating her Short
        Term Disability Benefits were denied effective September 2, 2005;

20.     As an explanation for the denial of benefits, the letter alleged that Plaintiff's providers
        failed to supply:

                "[O]bservable examination findings which substantiate an
                impairment in your emotional, cognitive or behavioral functioning
                which would preclude you from being able to perform the core
                elements of your occupation as a Customer Service Representative"

        and that Plaintiff's psychologist had failed to return phone calls;

21.     On December 5, 2005, Plaintiff appealed the denial of her short term disability coverage
        by forwarding a letter to Broadspire Integrated Disability Management;

22.     The letter states in part:

                "This letter is to provide Broadspire Services, Inc. with the
                requested information necessary to support physical impairment as
                well as behavioral, emotional, and cognitive functioning in
                appealing Broadspire's denial of my short/long term disability.

                **Attached are the copies of Dr. Murakami's recent office notes
                as well as results of the 11/16/05 colonoscopy (attachment 1, 4
                pages); Dr. Hull's up to date notes of my visits (attachment 2, 8
                pages); and Dr. Vanakie's psychological evaluation as required
                for additional consideration for the appeal (attachment 3, 4
                pages).**"

(Emphasis added).

23.     On December 27, 2005, Broadspire forwarded a letter to the Plaintiff informing her that,
        after review of the medical records attached to Plaintiff's appeal, her Short Term
        Disability Benefits were reinstated effective September 1, 2005 through September 26,
        2005;

                        **Denial of Plaintiff's Long Term Disability Benefits**

24.     Plaintiff applied for Long Term Disability Benefits on or about December 7, 2005;

25.     On February 22, 2006, Broadspire forwarded a letter to the Plaintiff indicating that:

> "[W]hile the medical records do support your disability from
> September 27, 2005 through October 25, 2005, based upon the
> available information the medical records fail to support disability
> from October 25, 2005 to present."

26.    By letter of March 20, 2006, Plaintiff appealed and forwarded additional medical records
       from her psychologist, Dr. Ethel I. Hull;

27.    On May 15, 2006, Broadspire forwarded a letter to Plaintiff indicating that HM had
       reached its final determination with respect to Plaintiff's appeal and that mandatory
       appeals procedures had been exhausted;

28.    This letter reports that HM's Appeal Committee had found that the submitted
       documentation lacked sufficient medical evidence to substantiate significant impairments
       in functioning that would have prevented Plaintiff from performing the essential functions
       of her regular occupation;

29.    Specifically, the letter stated that the documents submitted lacked:

> "[D]ocumentation of abnormal physical examination findings,
> abnormal diagnostic test results such as laboratory reports,
> documentation of the presence of impairments such as behavioral
> observations including the frequency, duration and intensity of
> symptoms observed, the results of a formal mental status
> examination, performance based tests of cognitive functioning,
> etc.)"

(See Letter of May 15, 2006, Page 2);

30.    Also included in the letter of May 15, 2006, was a list of all materials reviewed by HM's
       Appeal Committee in arriving at their decision;

31.    In reviewing the letter of May 15, 2006, it is clear that a gap in medical records exists
       between August, 2005 and January, 2006;

32.    It is also clear from the allegedly complete copy of the case file forwarded to undersigned
       counsel that the records forwarded to Broadspire on or about December 5, 2005 by the
       Plaintiff were never included in the records forwarded to the peer reviewers responsible
       for issuing opinions in Plaintiff's ongoing claim for Long Term Disability benefits;

33.    In their evaluation of Plaintiff's case on appeal, peer reviewers in the fields of psychology
       and gastroenterology were employed;

34.    In his report of March 30, 2006, peer reviewer Dr. Todd Eisner (Gastroenterology) lists

the documents forwarded to him for review. His list of documents contains the same conspicuous gap between August, 2005 and January, 2006 as mentioned in the letter of May 15, 2006;

35.   The same is true for peer reviewer Dr. Lawrence Burstein. In his report of April 10, 2006, Dr. Burstein also lists the documents he was forwarded to review by Broadspire. This list contains the same conspicuous gap between August, 2005 and January, 2006;

36.   Had the peer reviews and the HM Appeal Committee reviewed a complete set of medical records, Plaintiff asserts the Committee could not logically have arrived at its final determination;

37.   Specifically, the records forwarded by the claimant on December 5, 2005 to Broadspire included the following: 1. An operative report by Dr. Noboru Murakami for surgical intervention occurring on November 16, 2005. This operative report included a preoperative diagnosis of rectal bleeding and a postoperative diagnosis of sigmoid diverticulosis and colonic polyp at the midsigmoid colon; 2. A letter from Dr. Ethel Hull of November 10, 2005 clearly challenging the psychological peer reviewers claim that Dr. Hull did not make herself available for peer to peer consultation; and 3. Most notably, a report dated November 9, 2005 in which Dr. Michael J. Vanaskie, clearly indicated that he had employed several specific diagnostic tests in order to assess Plaintiff's condition, including the Millon Clinical Multiaxial Inventory- 3rd Edition (MCMI-3), the Minnesota Multiphasic Personality Inventory - 2nd Edition (MMPI-2) and clinical interview;

38.   Dr. Vanaskie clearly opines:

> "[B]ased on her responses to these two psychological interments, it does appear that Ms. Fifield does suffer from a functional impairment that significantly impairs her ability to function as she did in the past. Demands of the work environment over taxes her abilities and results in her not being able to concentrate or respond in appropriate emotional fashion to her customers at work."

And concludes:

> **"It is my opinion that based on this psychological evaluation Ms. Fifield is unable to return to her former employment environment."**

(See Vanaskie Psychological Evaluation, Page 4, Emphasis added).

39.   The third party administrator's failure to maintain an adequate case record in this case and its failure to forward all necessary medical records to HM's Appeal Committee, and to the peer reviewers, directly resulted in the denial of Plaintiff's long term disability benefits to

which she was rightfully entitled;

40.    Due to the failure of the third party administrator to forward the complete file to HM's Appeal Committee, and HM Life Insurance Company's failure to ensure that all pertinent information pertaining to the claimant's appeal had been made available to the Appeal Committee prior to rendering its decision, Plaintiff has been wrongfully denied Long Term Disability Benefits;

41.    The failure of the Defendants to exercise care in the completion of their duties to the Plaintiff resulted in the erroneous conclusions reached by the HM's Appeal Committee;

42.    Further, no peer reviewer utilized by the Defendants in rendering the final decision in this case ever examined the Plaintiff, nor did they personally interview the Plaintiff regarding the nature and extent of her medical condition and resulting disability;

43.    Whereas the peer reviews upon which Defendants relied upon did not receive a complete copy of the Plaintiff's medical records and had no first-hand knowledge of the Plaintiff's condition, fairness dictates that their opinions cannot form the bases for the denial of Plaintiff's Long Term Disability benefits by the Defendants;

## CLAIM FOR RELIEF
### (Recovery of Plan Benefits, 29 U.S.C. §1132(a)(1)(B))

44.    Plaintiff incorporates paragraphs 1 through 43 into this Claim for Relief;

45.    This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B);

46.    Pursuant to §1132(a)(1)(B), Plaintiff, as a participant of the HM Long Term Disability Plan, is entitled to sue for a judicial determination and enforcement of benefits;

47.    Defendants improperly denied Plaintiff's Long Term Disability Benefits to which she is entitled under the terms of the HM Life Insurance Plan, in contravention of the Plan and ERISA;

48.    Based on the facts articulated above, Plaintiff asserts Defendants' denial of Plaintiff's Long Term Disability Benefits was arbitrary and capricious;

49.    Based on the facts articulated above, Plaintiff asserts Defendants' denial of Plaintiff's Long Term Disability Benefits constitutes an abuse of discretion.

WHEREFORE, the Plaintiff, Susan Fifield, respectfully requests this Honorable Court:

A.      Enforce Plaintiff's rights under Defendant's group insurance plan;

B.      Order Defendant to pay all past due disability benefits;

C.      Order Defendant to pay ongoing disability benefits until such time that Plaintiff may no
        longer be considered disabled under the terms of Defendant's insurance policy;

D.      Order Defendant to pay interest on past due disability benefits;

E.      Order Defendant to pay Plaintiff's reasonable attorneys' fees and costs, pursuant to 29
        U.S.C.A. 1132(g)(1); and

F.      Order such other and further relief as the Court deems equitable, just and proper.

                                        Respectfully submitted,
                                        Susan Fifield
                                        By her attorneys,
                                        Normandin, Cheney & O'Neil, PLLC

Date: _04/14/09_                        By: _____
                                        William D. Woodbury (16195)
                                        P.O. Box 575
                                        Laconia, N.H. 03247-0575
                                        (603)-524-4380

**Merrimack County Sheriff's Office**
SHERIFF SCOTT E. HILLIARD
163 North Main Street
Concord, NH 03301
Phone: 603-225-5583

HM LIFE INSURANCE COMPANY
PO BOX 535061
PITTSBURGH, PA 15253

AFFIDAVIT OF SERVICE

MERRIMACK, SS.                                    APRIL 23, 2009

I, Lieutenant PHILIP P SOULE JR, this day at _10:08_ a.m./p.m.,
summoned the within named defendant HM LIFE INSURANCE COMPANY, by leaving
at the office of Roger Sevigny, Insurance Commissioner for the State of New
Hampshire its true and lawful attorney for the service of process under,
and by virtue of, Chapter 405-10 NH RSA as amended, two copies of this
RECEIPT OF WRIT and I paid said Commissioner for the State twenty-five
($25.00) dollars as their fee for accepting service.

FEES

Service                        $15.00
Misc.
   Pd NH INSURANCE COMMISSIONER   25.00
   Postage                         1.00
   Travel                          2.50

TOTAL:                         $43.50


      Lieutenant PHILIP P SOULE JR
      Merrimack County Sheriff's Office

**Merrimack County Sheriff's Office**
SHERIFF SCOTT E. HILLIARD
163 North Main Street
Concord, NH 03301
Phone: 603-225-5583

AETNA LIFE INSURANCE COMPANY
151 FARMINGTON AVE
HARTFORD, CT 06156

AFFIDAVIT OF SERVICE

MERRIMACK, SS.                                          APRIL 23, 2009

   I, Lieutenant PHILIP P SOULE JR, this day at _10:08_ a.m./p.m.,
summoned the within named defendant AETNA LIFE INSURANCE COMPANY, by
leaving at the office of Roger Sevigny, Insurance Commissioner for the
State of New Hampshire its true and lawful attorney for the service of
process under, and by virtue of, Chapter 405-10 NH RSA as amended, two
copies of this RECEIPT OF WRIT and I paid said Commissioner for the State
twenty-five ($25.00) dollars as their fee for accepting service.

FEES

Service                        $15.00
Misc.
  Pd NH INSURANCE COMMISSIONER   25.00
  Postage                         1.00
  Travel                          0.00

TOTAL:                         $41.00

                              Lieutenant PHILIP P SOULE JR
                              Merrimack County Sheriff's Office

**Merrimack County Sheriff's Office**

SHERIFF SCOTT E. HILLIARD
163 North Main Street
Concord, NH 03301
Phone: 603-225-5583

BROADSPIRE SERVICES INCORPORATED
1001 SUMMIT BLVD
ATLANTA, GA 30302

AFFIDAVIT OF SERVICE

MERRIMACK, SS                                    APRIL 23, 2009

    I, Lieutenant PHILIP P SOULE JR, on this day at 09:37 ___ a.m./p.m.,
summoned the within named defendant BROADSPIRE SERVICES INC by leaving at
the office of Registered Agent CT Corporation, 29 School Street, Concord,
said County and State of New Hampshire, its true and lawful agent for the
service of process under and by virtue of Chapter 293-A, NH RSA as amended,
a copy of this RECEIPT OF WRIT.

FEES

Service      15.00
Misc.
    Postage    1.00
    Travel     2.00

TOTAL        18.00

_____
Lieutenant PHILIP P SOULE JR
Merrimack County Sheriff's Office

# The State of New Hampshire

### SUPERIOR COURT

**MERRIMACK COUNTY**

(X ) COURT

(( ), JURY

### WRIT OF SUMMONS

```
                                        HM LIFE INSURANCE COMPANY
                                        PO Box 535061
                                        Pittsburgh, PA 15253
                                        and
SUSAN FIFIELD                           BROADSPIRE SERVICES INCORPORATED
19 Vine Street            v.            1001 Summit Blvd
Northfield, NH  03276                   Atlanta, GA 30302
                                        and
                                        AETNA LIFE INSURANCE COMPANY
                                        151 Farmington Avenue
                                        Hartford, CT 06156
```

The Sheriff or Deputy of any County is ordered to summon each defendant to file a written appearance with the Superior Court at the address listed below by the return day of this writ which is the first Tuesday of ___June___,
_2009_ .
YEAR                MONTH

The PLAINTIFF(S) state(s):

See attached Writ/Declaration

and the Plaintiff(s) claim(s) damages within the jurisdictional limits of this Court.
Susan Fifield   By Her Attorney,

INDORSER (sign and print name)

William D. Woodbury

04/14/09
DATE OF WRIT

### NOTICE TO THE DEFENDANT

The Plaintiff listed above has begun legal action against you. You do not have to physically appear in Court on the return day listed above since there will be no hearing on that day. However, if you intend to contest this matter, you or your attorney must file a written appearance form with the Clerk's Office by that date. (Appearance forms may be obtained from the Clerk's Office.) You will then receive notice from the Court of all proceedings concerning this case. If you fail to file an appearance by the return day, judgment will be entered against you for a sum of money which you will then be obligated to pay.

Witness, ROBERT J. LYNN, Chief Justice, Superior Court.

*William S. M. Graw*

**William S. McGraw, Clerk**
NH Superior Court Merrimack County
PO Box 2880
Concord, NH 03302-2880
(603) 225-5501

SIGNATURE OF PLAINTIFF/ATTORNEY
William D. Woodbury
Normandin, Cheney & O'Neil, PLLC
PRINTED/TYPED NAME

PO Box 575
ADDRESS

Laconia, NH   03247-0575    / 603/524-4380
                              PHONE

213-003-5

## STATE OF NEW HAMPSHIRE

**MERRIMACK, SS**                                    **SUPERIOR COURT**

### SUSAN FIFIELD

v.

### HM LIFE INSURANCE COMPANY;
### BROADSPIRE SERVICES INCORPORATED; and
### AETNA LIFE INSURANCE COMPANY

### COMPLAINT

NOW COMES the Plaintiff, Susan Fifield, and says as follows:

### GENERAL ALLEGATIONS

1.  Plaintiff, Susan Fifield [hereinafter "Plaintiff"] is a New Hampshire resident with an address of 19 Vine Street, Northfield, County of Merrimack, New Hampshire;

2.  Defendant, HM Life Insurance Company, f/k/a Highmark Life Insurance Company [hereinafter HM] is the underwriter of the Group Long Term Disability Policy under which Plaintiff is covered and is headquartered in Pennsylvania, with an address of P.O. Box 535061, Pittsburgh, Pennsylvania, 15253-5061;

3.  Defendant, Broadspire Services Incorporated [hereinafter Broadspire] is a Delaware Corporation and, during all times relevant to the claims set forth by the Plaintiff herein, was the third party disability claims administrator of the Group Long Term Disability Policy under which Plaintiff is covered, with a principal office address of 1001 Summit Blvd., Atlanta, Georgia, 30302, and a New Hampshire Registered agent of: C T Corporation, 9 Capitol Street, Concord, New Hampshire, 03301;

4.  Defendant, Aetna Life Insurance Company [hereinafter Aetna] is a subsidiary of Aetna, Incorporated, a Pennsylvania Corporation, and is the current third party disability claims administrator of the Group Long Term Disability Policy under which Plaintiff is covered. Aetna is headquartered in Connecticut, with an address of 151 Farmington Avenue, Hartford, Connecticut, 06156;

5.  This is an ERISA action brought pursuant to 29 U.S.C. §1132(a)(1)(B). This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1000-1461 over which this Court possesses jurisdiction pursuant to 29 U.S.C. §1132(e);

Page 1 of 7

## SPECIFIC FACTUAL ALLEGATIONS

6.      Plaintiff began working for Continental Cablevision on or about November 28, 1994.
Continental Cablevision became Media One, which became AT&T Broadband, and then
Comcast Cable Corporation, Inc. [hereinafter Comcast];

7.      The Long Term Disability Carrier for Comcast is HM Life Insurance Company;

8.      The Third Party Administrator of the HM Life Insurance Company Long Term Disability
Policy is Aetna, formerly Broadspire;

9.      Broadspire was the third party administrator prior to Aetna and was, at all times relevant
to this action, the entity in communication with Plaintiff with respect to all decisions
pertaining to her Long Term Disability benefits;

10.     The Long Term Disability Policy under which Plaintiff is covered is an employee welfare
benefit plan within the meaning of 29 U.S.C. §§1002(1) and (3);

11.     At all times material to this action, Plaintiff was a participant of the HM (formerly
Highmark) Long Term Disability Insurance Plan;

### Plaintiff's Disability

12.     Beginning in January of 2003, Plaintiff developed severe abdominal symptoms requiring
medical intervention and hospitalization;

13.     Diagnostic testing revealed Plaintiff suffered from colonic diverticulosis and relapsing
diverticulitis;

14.     In addition to the above condition, Plaintiff suffered from depression and anxiety and
sought medical intervention for these conditions as well in May of 2004;

15.     Prior to 2005, her medical conditions forced Plaintiff out of work, during which time she
utilized available Family and Medical Leave Act time as well as periods of Short Term
Disability coverage;

16.     In early 2005, Plaintiff was finally forced to leave work due to severe abdominal
symptoms and ongoing problems with anxiety and depression and applied for Short Term
Disability Benefits;

17.     By letter of April 11, 2005, Broadspire advised Plaintiff that she was approved for benefits
as she was currently disabled from performing her own job;

Page 2 of 7

18.    Short Term Disability Benefits were authorized effective March 24, 2005;

19.    On September 13, 2005, Broadspire forwarded a letter to the Plaintiff indicating her Short Term Disability Benefits were denied effective September 2, 2005;

20.    As an explanation for the denial of benefits, the letter alleged that Plaintiff's providers failed to supply:

> "[O]bservable examination findings which substantiate an impairment in your emotional, cognitive or behavioral functioning which would preclude you from being able to perform the core elements of your occupation as a Customer Service Representative"

and that Plaintiff's psychologist had failed to return phone calls;

21.    On December 5, 2005, Plaintiff appealed the denial of her short term disability coverage by forwarding a letter to Broadspire Integrated Disability Management;

22.    The letter states in part:

> "This letter is to provide Broadspire Services, Inc. with the requested information necessary to support physical impairment as well as behavioral, emotional, and cognitive functioning in appealing Broadspire's denial of my short/long term disability.
>
> **Attached are the copies of Dr. Murakami's recent office notes as well as results of the 11/16/05 colonoscopy (attachment 1, 4 pages); Dr. Hull's up to date notes of my visits (attachment 2, 8 pages); and Dr. Vanakie's psychological evaluation as required for additional consideration for the appeal (attachment 3, 4 pages)."**

(Emphasis added).

23.    On December 27, 2005, Broadspire forwarded a letter to the Plaintiff informing her that, after review of the medical records attached to Plaintiff's appeal, her Short Term Disability Benefits were reinstated effective September 1, 2005 through September 26, 2005;

### Denial of Plaintiff's Long Term Disability Benefits

24.    Plaintiff applied for Long Term Disability Benefits on or about December 7, 2005;

25.    On February 22, 2006, Broadspire forwarded a letter to the Plaintiff indicating that:

> "[W]hile the medical records do support your disability from
> September 27, 2005 through October 25, 2005, based upon the
> available information the medical records fail to support disability
> from October 25, 2005 to present."

26. By letter of March 20, 2006, Plaintiff appealed and forwarded additional medical records
from her psychologist, Dr. Ethel I. Hull;

27. On May 15, 2006, Broadspire forwarded a letter to Plaintiff indicating that HM had
reached its final determination with respect to Plaintiff's appeal and that mandatory
appeals procedures had been exhausted;

28. This letter reports that HM's Appeal Committee had found that the submitted
documentation lacked sufficient medical evidence to substantiate significant impairments
in functioning that would have prevented Plaintiff from performing the essential functions
of her regular occupation;

29. Specifically, the letter stated that the documents submitted lacked:

> "[D]ocumentation of abnormal physical examination findings,
> abnormal diagnostic test results such as laboratory reports,
> documentation of the presence of impairments such as behavioral
> observations including the frequency, duration and intensity of
> symptoms observed, the results of a formal mental status
> examination, performance based tests of cognitive functioning,
> etc.)"

(See Letter of May 15, 2006, Page 2);

30. Also included in the letter of May 15, 2006, was a list of all materials reviewed by HM's
Appeal Committee in arriving at their decision;

31. In reviewing the letter of May 15, 2006, it is clear that a gap in medical records exists
between August, 2005 and January, 2006;

32. It is also clear from the allegedly complete copy of the case file forwarded to undersigned
counsel that the records forwarded to Broadspire on or about December 5, 2005 by the
Plaintiff were never included in the records forwarded to the peer reviewers responsible
for issuing opinions in Plaintiff's ongoing claim for Long Term Disability benefits;

33. In their evaluation of Plaintiff's case on appeal, peer reviewers in the fields of psychology
and gastroenterology were employed;

34. In his report of March 30, 2006, peer reviewer Dr. Todd Eisner (Gastroenterology) lists

the documents forwarded to him for review.  His list of documents contains the same conspicuous gap between August, 2005 and January, 2006 as mentioned in the letter of May 15, 2006;

35.     The same is true for peer reviewer Dr. Lawrence Burstein.  In his report of April 10, 2006, Dr. Burstein also lists the documents he was forwarded to review by Broadspire.  This list contains the same conspicuous gap between August, 2005 and January, 2006;

36.     Had the peer reviews and the HM Appeal Committee reviewed a complete set of medical records, Plaintiff asserts the Committee could not logically have arrived at its final determination;

37.     Specifically, the records forwarded by the claimant on December 5, 2005 to Broadspire included the following: 1. An operative report by Dr. Noboru Murakami for surgical intervention occurring on November 16, 2005.  This operative report included a preoperative diagnosis of rectal bleeding and a postoperative diagnosis of sigmoid diverticulosis and colonic polyp at the midsigmoid colon; 2. A letter from Dr. Ethel Hull of November 10, 2005 clearly challenging the psychological peer reviewers claim that Dr. Hull did not make herself available for peer to peer consultation; and 3. Most notably, a report dated November 9, 2005 in which Dr. Michael J. Vanaskie, clearly indicated that he had employed several specific diagnostic tests in order to assess Plaintiff's condition, including the Millon Clinical Multiaxial Inventory- 3rd Edition (MCMI-3), the Minnesota Multiphasic Personality Inventory - 2nd Edition (MMPI-2) and clinical interview;

38.     Dr. Vanaskie clearly opines:

>       "[B]ased on her responses to these two psychological interments, it does appear that Ms. Fifield does suffer from a functional impairment that significantly impairs her ability to function as she did in the past.  Demands of the work environment over taxes her abilities and results in her not being able to concentrate or respond in appropriate emotional fashion to her customers at work."

And concludes:

>       **"It is my opinion that based on this psychological evaluation Ms. Fifield is unable to return to her former employment environment."**

(See Vanaskie Psychological Evaluation, Page 4, Emphasis added).

39.     The third party administrator's failure to maintain an adequate case record in this case and its failure to forward all necessary medical records to HM's Appeal Committee, and to the peer reviewers, directly resulted in the denial of Plaintiff's long term disability benefits to

which she was rightfully entitled;

40.    Due to the failure of the third party administrator to forward the complete file to HM's Appeal Committee, and HM Life Insurance Company's failure to ensure that all pertinent information pertaining to the claimant's appeal had been made available to the Appeal Committee prior to rendering its decision, Plaintiff has been wrongfully denied Long Term Disability Benefits;

41.    The failure of the Defendants to exercise care in the completion of their duties to the Plaintiff resulted in the erroneous conclusions reached by the HM's Appeal Committee;

42.    Further, no peer reviewer utilized by the Defendants in rendering the final decision in this case ever examined the Plaintiff, nor did they personally interview the Plaintiff regarding the nature and extent of her medical condition and resulting disability;

43.    Whereas the peer reviews upon which Defendants relied upon did not receive a complete copy of the Plaintiff's medical records and had no first-hand knowledge of the Plaintiff's condition, fairness dictates that their opinions cannot form the bases for the denial of Plaintiff's Long Term Disability benefits by the Defendants;

## CLAIM FOR RELIEF
### (Recovery of Plan Benefits, 29 U.S.C. §1132(a)(1)(B))

44.    Plaintiff incorporates paragraphs 1 through 43 into this Claim for Relief;

45.    This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B);

46.    Pursuant to §1132(a)(1)(B), Plaintiff, as a participant of the HM Long Term Disability Plan, is entitled to sue for a judicial determination and enforcement of benefits;

47.    Defendants improperly denied Plaintiff's Long Term Disability Benefits to which she is entitled under the terms of the HM Life Insurance Plan, in contravention of the Plan and ERISA;

48.    Based on the facts articulated above, Plaintiff asserts Defendants' denial of Plaintiff's Long Term Disability Benefits was arbitrary and capricious;

49.    Based on the facts articulated above, Plaintiff asserts Defendants' denial of Plaintiff's Long Term Disability Benefits constitutes an abuse of discretion.

WHEREFORE, the Plaintiff, Susan Fifield, respectfully requests this Honorable Court:

A.    Enforce Plaintiff's rights under Defendant's group insurance plan;

B.    Order Defendant to pay all past due disability benefits;

C.    Order Defendant to pay ongoing disability benefits until such time that Plaintiff may no longer be considered disabled under the terms of Defendant's insurance policy;

D.    Order Defendant to pay interest on past due disability benefits;

E.    Order Defendant to pay Plaintiff's reasonable attorneys' fees and costs, pursuant to 29 U.S.C.A. 1132(g)(1); and

F.    Order such other and further relief as the Court deems equitable, just and proper.

Respectfully submitted,
Susan Fifield
By her attorneys,
Normandin, Cheney & O'Neil, PLLC

Date: 04/14/09

By: _____
William D. Woodbury (16195)
P.O. Box 575
Laconia, N.H. 03247-0575
(603)-524-4380